UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3614 GAF (MLGx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | Life Vessel Advanced Wellness Corporation v. Life Vessel Corporation et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

### ORDER TO SHOW CAUSE

On June 8, 2010, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of diversity subject matter jurisdiction.  (Docket No. 4.)  The Court specifically noted that Plaintiff's allegations regarding Defendant Barry McNew's residency were insufficient to establish diversity jurisdiction.

The Court has received Plaintiff's response, which again fails to adequately allege McNew's citizenship.  To be clear, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted); see also Martin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) ("Residence and citizenship are not the same thing.")  Thus, to properly invoke the Court's diversity jurisdiction, Plaintiff must allege McNew's state of citizenship.

Plaintiff is **ORDERED TO SHOW CAUSE no later than Monday, June 28, 2010**, why the Court should not dismiss this case for lack of diversity subject matter jurisdiction.  Plaintiff is given one final opportunity to allege McNew's state of citizenship; allegations regarding residence are insufficient.  A memorandum addressing the Court's concerns shall constitute a sufficient response.

**IT IS SO ORDERED.**